**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CHAD EDWARD CUTRIGHT,**

    **Petitioner,**

**v.**                                                              **Civil Action No. 2:15cv65**
                                                                  **Criminal Action No. 2:14cr13-1**
                                                                    **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On August 28, 2015, the *pro se* petitioner, Chad Edward Cutright, an inmate incarcerated at FMC Devens in Ayer, Massachusetts, filed a Motion Under 28 U.S.C. §2255 to vacate, set aside or correct sentences by a person in federal custody. ECF No. 85. By Order entered September 1, 2015, the government was directed to respond to the motion. ECF No. 88. The Government filed its Response in Opposition and Memorandum in support on September 22, 2015. ECF No. 94 and 95.

On October 5, 2015, petitioner wrote the Clerk of Court, asking for a copy of the docket sheet [ECF No. 96]; in response, the Clerk sent a letter to the Warden of FMC Devens with a copy of the docket sheet; petitioner was copied on the letter. ECF No. 97. On December 8, 2015, petitioner again wrote the Clerk of Court, requesting an update on the status of the case, contending that he had not received a copy of the government's response. ECF No. 98. A letter and a copy of the docket sheet was again sent to the Warden of FMC Devens the same day, with a copy of the letter to petitioner. ECF No. 99. On January 19, 2016, petitioner filed a letter motion for a status update on the case and for a copy of the government's response, contending

1

he never received the same. ECF No. 100. On April 8, 2016, petitioner filed a Motion for Leave to Respond to the Government's Opposition of the Defendant's Motion to Vacate, Set Aside or Correct his Sentence Under 28 U.S.C. § 2255, contending he had never received a copy of the government's response, requesting the same, and seeking leave to file a reply brief. ECF No. 101. By Order entered April 19, 2016, petitioner's motion for a copy of the government's response was granted; the government was directed to resend a copy of its response to petitioner via certified mail, return receipt requested, and provide proof of the same to the court; and petitioner's motion to reset the time for his response was granted. ECD No. 104. On May 3, 2016, the government filed the certified mail return receipt, proving delivery of its response to the Warden at FMC Devens on petitioner's behalf. ECF No. 106. On May 16, 2016, petitioner filed his reply. ECF No. 107.

## II. Facts

### A. History, Conviction and Sentence

On February 19, 2014, the grand jury returned a nine-count Indictment against petitioner and a co-defendant, charging petitioner in six counts. Count One charged petitioner with methamphetamine conspiracy; Count Two charged him with maintaining drug-involved premises – aiding and abetting; Count Three charged him with possession of material used in the manufacture of methamphetamine – aiding and abetting; and Counts Four through Six charged him with possession of pseudoephedrine to be used in the manufacture of methamphetamine. The Indictment was sealed and a warrant was issued for the petitioner's arrest. ECF Nos. 4 and 5. On February 20, 2014, the petitioner was arrested. ECF No. 19.

On February 21, 2014, Brian Kornbrath of the Federal Public Defender's Office was appointed to represent the petitioner. ECF No. 13. On March 28, 2014, the petitioner signed a

plea agreement by which he agreed to plead guilty to Count Four of the Indictment, possession of pseudoephedrine to be used in the manufacture of methamphetamine, in violation of 21 U.S.C. §841(c)(2). ECF No. 38. Petitioner also waived the right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> 13. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal his sentence or in [sic] the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742, if his is [sic] consistent with a Guideline total offense level 23 or lower.
>
> 14. The defendant also waives the right to challenge the sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the even that there would be an appeal by the United States, the defendant's waiver contained in this paragraph will be voided provided the defendant complies with the Rules of Appellate Procedure.

Plea Agreement, Id. at 5.

On April 8, 2014, the petitioner entered his plea in open court. The petitioner testified that he was 28 years old, had earned a high school diploma, and was able to read and understand English. ECF No. 89 at 8 – 9. He denied having any visual or hearing impairment, or any difficulty concentrating. Id. at 9. He denied having been treated for mental illness in the past 6 months. Id. He admitted being treated for addiction to narcotics within the past 60 days, and stated he had been receiving Buprenorphine, a drug substitute, for close to a month. Id. at 9 – 10. He stated he was supposed to take it once a day, but had not had any since Friday,[1] because he had not had transportation to the outpatient treatment program at Clarksburg that dispensed it. Id.

---

[1] Friday would have been April 4, 2014, four days before the plea hearing on Tuesday, April 8, 2014. See also ECF No. 89 at 36.

3

at 9 – 11. He stated his mind was clear and that he had not had any controlled substance within the past 24 hours. Id. at 11. Further, he asserted that the only over-the-counter medication he had consumed in the past 24 hours was ibuprofen the night before for a headache; he denied that either the headache or the ibuprofen interfered in any way with his ability to hear, understand, or participate in the proceedings. Id. at 11 – 12. He denied consuming any alcohol within the previous 24 hours and denied having any physical, emotional, psychiatric or psychological problem which would interfere in any way with his participation in the proceedings. Id. at 12. During the plea hearing, the Assistant U.S. Attorney ("AUSA") read aloud or summarized in open court each paragraph of the plea agreement, including the paragraphs 13 and 14 *supra*. Id. at 3 - 6. The Court specifically asked petitioner if he understood the waiver of his appellate and post-conviction relief rights and petitioner indicated that he did. Id. at 15 - 16. The Court asked petitioner whether he and his counsel had reviewed the plea agreement in detail, line by line, stopping to answer questions and explain, before petitioner signed it, and petitioner stated that they had. Id. at 18.

The Court then reviewed all the rights the petitioner was giving up by pleading guilty. Id. at 22 – 23 and 27 – 29. During the plea hearing the government presented a proffer of the testimony of Corporal Shrader of the Barbour County State Police, the case agent, who was present in the court room, to establish a factual basis for the plea. Id. at 30 – 32. The petitioner did not contest the factual basis of the plea.

Before the government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 4 of the Indictment. Id. at 30. The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. Id. at 22. In addition, he testified that the plea was not the result of any

4

promises other than those contained in the plea agreement. Id. at 18 – 19 and 26. The petitioner testified that his attorney had adequately represented him and had left nothing undone. Id. at 14 – 18. The petitioner stated that he believed himself to be guilty of the offense. Id. at 22, 30, and 32.

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequence of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. Id. at 32 - 33. The petitioner did not object to the Court's finding.

On August 27, 2014, the petitioner appeared before the Court for sentencing. ECF No. 90. After considering several factors, including the circumstances of both the crime and the defendant's personal history; petitioner's two-level reduction for safety valve; his 6-level enhancement due to the substantial risk of harm to the life of a minor;[2] the 3-level reduction for acceptance of responsibility [Id. at 4]; as well as the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 60 months imprisonment, ten months below the lowest end of the advisory guideline range. Petitioner was also sentenced to a term of three years supervised release. Id. at 5 and 7 - 8. Judgment was entered August 29, 2014. ECF No. 57.

On November 19, 2014, through appointed counsel, petitioner filed a Motion to Reduce Sentence – USSC Amendment 782. ECF No 77. By Order entered February 10, 2015, petitioner's sentence was reduced from 60 months to 57 months. ECF No. 82.

**B. Direct Appeal**

Petitioner did not file a direct appeal.

**C. Federal Habeas Corpus**

**The Petition**

---

[2] Petitioner admitted to cooking methamphetamine in his home where children were present. ECF No. 54, ¶57 and 59 at 12 – 13 and ECF 90 at 6.

5

The petitioner raises three grounds of ineffectiveness of counsel, contending that

1) counsel failed to communicate with him before, during and after sentencing [ECF No. 85 at 5]; and

2) counsel's representation at sentencing was deficient, resulting in a 20-month sentencing disparity between petitioner and two other defendants in similar criminal actions. Id. at 6.

3) Petitioner also impliedly asserts that counsel did not file an appeal on his behalf when he requested that counsel do so. ECF No. 85-1 at 3.

As relief, petitioner asks that the court adjust his sentence so that it is identical with that of his co-defendant.

**Government's Response**

The government contends that the petitioner's motion should be denied because

1) disparate sentences between co-defendants does not constitute grounds for relief [ECF No. 95 at 2 and 4 – 5];

2) petitioner's sentence was already 10 months below the lowest end of the calculated guidelines range [Id. at 4];

3) petitioner has not met his two-part burden proving ineffectiveness and concomitant prejudice, pursuant to Strickland;[3] moreover, counsel argued at sentencing for a 37-month sentence [Id. at 5];

4) petitioner does not allege that counsel refused to file an appeal, only that they disagreed on whether any grounds for appeal existed. Nonetheless, Petitioner's counsel has invoked attorney-client privilege and ABA Formal Opinion 10-456; should the Court wish to order an evidentiary hearing, counsel would divulge the information on this issue pursuant to an Order. Id. at 2 and 5 - 6.

**Petitioner's Reply**

Petitioner reiterates his arguments and attempts to refute the government's on the same. He now contends that counsel should have postponed the sentencing hearing until after the new sentencing guidelines were released, as his co-defendant's counsel did, in order to obtain a lower sentence for him. Petitioner withdraws any grounds related to counsel's failure to file a Notice

---
[3] Strickland v. Washington, 466 U.S. 668, 687 (1984).

6

of Appeal on his behalf, as "they are waived and would be without merit." ECF No. 107 at 3. He requests that the court vacate his sentence and re-sentence him "with his guideline range being 57 to 71 months, as it's [sic] starting point." Id.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his sentence.

### III. Standard of Review

**A. § 2255 Standard**

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court in imposing sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. Because a 2255 motion seeks to deny, evade, or impeach a judgment, claims of error that have previously been raised and rejected on direct appeal of that judgment may not be raised again in a § 2255 motion. United States v. Harrison, No. 96- 7579, 1997 WL 499671, at *1 (4th Cir. August 25, 1997) (unpublished).

Nonetheless, a § 2255 motion is not an alternative to filing a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). Nonconstitutional claims that **could** have been raised on direct appeal, but were not, may not be asserted in collateral proceedings. Stone v. Powell, 428 U.S. 465, 477, n.10, (1976)(citing Davis v. United States, 417 U.S. 333, 345-46 and n.15 (1974); Sunal v. Large, 332 U.S. 174, 178-79 (1947)); see also United States v. Linder, 552 F.3d 391,

396-97 (4th Cir. 2009)("A petitioner who waives the right to appeal is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that **could have** been raised on appeal.")(Quoting Brian R. Means Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0)(2006-2007) (emphasis in the original) (internal citations omitted). Nonconstitutional claims that **could have** been asserted on direct appeal may be raised in a § 2255 motion only if the alleged error constituted "a fundamental defect which inherently results in a complete miscarriage of justice." Stone, 428 U.S. 477 n. 10 (quoting Davis, 417 U.S. at 346; Hill v. United States, 368 U.S. 424, 428 (1962)) or is "inconsistent with the rudimentary demands of fair procedure." United States v. Timmereck, 441 U.S. 780, 784 (1979).

Similarly, a constitutional error that could have been, but was not raised on appeal, may not be raised for the first time in a 2255 motion, unless the movant can show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain a collateral attack. Massaro v. United States, 538 U.S. 500, 504 (2003) (citing Bousley v. United States, 523 U.S. 614, 621-22 (1998)); Frady, 456 U.S. at 167-68; United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). To establish "actual prejudice," The movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1977)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To demonstrate a miscarriage of justice, the movement must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).

### IV. Analysis

A. **Applicable Law Regarding Petitioner's Waiver**

1) **Law Governing Waivers of Direct Appeal and Collateral Attack Rights**

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains are only secure when "dispositions by guilty plea are accorded a great measure of finality." Id. The Fourth Circuit has recognized that the Government often secures waivers of both appellate and collateral attack rights "from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

Courts have routinely held that "defendants can waive fundamental constitutional rights such as the right to counsel, or the right to a jury trial." United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Specifically, the Fourth Circuit has held that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (citations omitted). However, a defendant still retains the right to appellate review on limited grounds, such as when a sentence above the maximum penalty provided by statute is imposed or when a sentence is imposed based on a constitutionally impermissible factor. Id. at 732. Furthermore, the Attar court recognized that a defendant cannot "fairly be said to have waived his right to appeal his sentence" on the ground that he was wholly deprived of counsel during sentencing procedures. Id.

Eleven years later, the Fourth Circuit determined there was no reason to distinguish between waivers of appellate rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220 n.2. The Fourth Circuit noted that all courts of appeals to have considered the issue have

9

"held that the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary." Id. at 220. The Lemaster court did not address whether the same exceptions that were noted by the Attar court apply to a waiver of collateral attack rights, but it did note that it saw "no reason to distinguish" between the two. Id. at 220 n.2; see also United States v. Cannady, 283 F.3d 641, 645 n.3 (4th Cir. 2000) (collecting cases where the court has determined that waivers of § 2255 rights are generally valid).

The Fourth Circuit has not yet issued a binding decision defining the scope of collateral attack waivers and so has not yet imposed on this Court a standard governing "the extent to which an ineffective assistance of counsel claim can be precluded by a § 2255 waiver." Braxton v. United States, 358 F. Supp. 2d 497, 502 (W.D. Va. 2005).[4] However, several courts have held that collateral attack waivers should be subjected to the same conditions and exceptions applied to waivers of direct appellate rights. Cannady, 283 F.3d at 645 n.3 (collecting cases). Furthermore, most courts of appeals have determined that waivers of collateral attack rights encompass claims "that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver." Braxton, 358 F. Supp. 2d at 503.

**2) Law Governing Whether a Waiver is Knowing and Intelligent**

The Fourth Circuit has held that the determination of whether a waiver of appellate and collateral attack rights is "knowing and intelligent" "depends 'upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused.'" Attar, 38 F.3d at 731 (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir.

---

[4] The Fourth Circuit issued an unpublished opinion affirming the Western District of Virginia's ruling in Braxton. See United States v. Braxton, 214 F. App'x 271 (4th Cir. 2007) (per curiam).

1992)). This determination is often made upon reviewing the "adequacy of the plea colloquy" and determining, in particular, "whether the district court questioned the defendant about the appeal waiver." United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). However, an ultimate decision is "evaluated by reference to the totality of the circumstances." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

**B. Petitioner's Ground One Claim of Ineffective Assistance for Failure to Communicate Before and During Sentencing and Ground Two claim that Counsel's Representation at Sentencing was Ineffective Because Petitioner's Sentence was Greater than his Co-Defendant's Sentence Are Barred by his Waiver**

As noted above, Petitioner waived his right to directly appeal his sentence or the manner in which it was determined in any manner whatsoever, if the actual sentence imposed was consistent with a guideline calculated sentence for a total offense level of 23 or below. ECF No. 89 at 16; see also ECF No. 38 at 5. Petitioner also completely waived his right to collaterally attack his sentence or the manner in which it was determined in any manner whatsoever. Id.

In his motion, petitioner claims that counsel's failure to communicate with him before, during and after sentencing resulted in his receiving a greater sentence than he otherwise would have. He contends that during sentencing, the Court questioned him about communication with his counsel and asked how many times he had met with counsel. He avers that he told the Court he had only met one time with counsel, "to the best of his recollection, somewhere between 30 minutes to an hour total."[5] ECF No. 85-1. He contends that counsel's failure to communicate and representation at sentencing resulted in his receiving a sentence greater than his co-defendant's,

---

[5] Petitioner has confused his statement at the plea hearing with his statement at sentencing. At sentencing, there was no query regarding how often or how long he had met with counsel. At the plea hearing, however, petitioner testified that he had met with counsel "[j]ust one time for a couple of hours[;]" that he had understood and was satisfied with what he and Kornbrath discussed that day; and that Kornbrath answered all his questions to his satisfaction, except that Kornbrath could not tell him what his sentence was going to be. ECF No. 89 at 17 – 18.

11

for the same conduct.[6] The government argues that petitioner's claim has no merit, because the Fourth Circuit presumes that a sentence within or below a defendant's properly calculated advisory guideline range is substantively reasonable;[7] petitioner's sentence was ten months below the lowest end of his guideline range; and disparate sentences between co-defendants is not grounds for relief. ECF No. 95 at 2 and 4 – 5. In his reply, he contends that counsel should have sought "to postpone the sentencing hearing until after the new guidelines were released, as his co-defendant's counsel did." ECF No. 107.

A defendant's sworn representations made at a plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. Accordingly, "in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (citations omitted).

After reviewing the record, the undersigned finds that Petitioner's waiver of his right to file a motion pursuant to 28 U.S.C. § 2255 was knowing and intelligent. See Attar, 38 F.3d at 731. At the Rule 11 colloquy, Petitioner testified that he could read, write, and had received his high school diploma. ECF No. 89 at 8 – 9. Thereafter, the following colloquy occurred:

> THE COURT: Did you and . . . [counsel] discuss that you have - - that you may be able to file a motion under 28 U.S.C. Section 2255 collaterally attacking or challenging your sentence and how that sentence it being carried out?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you understand from paragraph 13 of your written plea agreement that you are voluntarily waiving your right to appeal your sentence and

---

[6] Petitioner's co-defendant pled guilty to Count Nine, possession of pseudoephedrine to be used in the manufacture of pseudoephedrine. See ECF No. 1 at 7. She received a 37-month sentence on November 19, 2014. ECF No. 78.

[7] United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S.Ct. 421 (2014).

> the manner in which the sentence was determined on any ground whatever, including grounds set forth in Title 18, United States Code, Section 3742, if the actual sentence that the judge imposes is consistent with a guideline calculated sentence with a total offense level of 23 or below. You're shaking your head.
>
> THE DEFENDANT: Yes. I'm sorry.
>
> THE COURT: Did you intend to give up that valuable direct appeal right as conditionally set forth in paragraph 13?
>
> THE DEFENDANT: Yes, Your Honor, I do.
>
> THE COURT: **Do you also understand that under paragraph 14, you are giving up your right to collaterally attack or challenge the sentence and how it was arrived at? It looks to me like it completely giving it up.**
>
> THE DEFENDANT: **Yes.**
>
> THE COURT: **And that's your understanding also?**
>
> THE DEFENDANT: **Yes, Your Honor**.
>
> THE COURT: **And that's what you intended to do by signing the agreement with paragraph 14 in it?**
>
> THE DEFENDANT: **Yes.**

ECF No. 89 at 15 – 16 (emphasis added). Petitioner also testified that he had reviewed the plea agreement line by line with his attorney before signing it. Id. at 18. He confirmed that all his questions had been answered when he signed it. Id. When asked, Petitioner again confirmed that his rights to appeal and file a habeas petition were restricted by the terms contained in the plea agreement. Id. at 15 - 16. At the conclusion of the plea colloquy, Magistrate Judge Kaull found that Petitioner was competent and capable of entering an informed plea, that he made his plea freely and voluntarily, and that he understood the consequences of his plea. Id. at 32 - 33. Therefore, the undersigned finds that Petitioner knowingly and intelligently waived his right to collaterally attack his sentence as part of his plea agreement. Moreover, petitioner himself admits

that he has no challenge to his plea, the original guidelines, and the Court's decision to sentence . . . [him] 12 months [sic] under the lower guideline level." ECF No. 85-1.

The undersigned has already determined that petitioner knowingly and voluntarily entered into the waiver contained his written plea agreement; accordingly, the undersigned further finds that Petitioner's claims regarding counsel's performance before and during sentencing fall within the scope of that waiver.

**C. Petitioner's Implied Ground Three Claim that Counsel Failed to File an Appeal on his Behalf Has Been Withdrawn**

Petitioner impliedly raised this claim in his motion as part of his statement of facts, not as a listed ground for relief. ECF No. 85-1 at 3. As the government noted in its response, petitioner did not actually allege that counsel *refused* to file an appeal on his behalf, only that petitioner and counsel disagreed on the efficacy of filing an appeal. ECF No. 95 at 2 and 5 – 6. Moreover, in his reply to the government's response, petitioner has withdrawn this claim as being without merit. ECF No. 107 at 3. Accordingly, it will not be given further review.

**V. Recommendation**

For the foregoing reasons, the undersigned recommends that the petitioner's §2255 motion [ECF No. 85] be **DENIED** and **DISMISSED** from the docket.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to file timely objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation, 28 U.S.C. § 636(b)(1); Thomas v. Arn,

474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket sheet, and to counsel of record, as applicable.

DATED: August 4, 2016

/s/   James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE